UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN M. RABORN | CIVIL ACTION |
| VERSUS | |
| MARTIN SCHOTT | NO: 18-CV-00675-BAJ-RLB |

## ORDER

Before the Court are Respondent's Motions to Dismiss Petitioner's Appeals for Mootness and Lack of Standing.[1] For the reasons stated below, the court GRANTS Respondent's motions.

I.  FACTUAL BACKGROUND

On August 10, 2015 Susan M. Raborn ("Petitioner") filed a voluntary Chapter 11 bankruptcy. (Doc. 7 at p. 8). On August 31, 2016, it was converted to a Chapter 7 bankruptcy. (Id.). Martin Schott ("Respondent") was appointed trustee of the bankruptcy estate. *In Re Raborn*, No. 15-10938, 12017 WL 1417204, at *2 (Bankr. M.D. La Apr. 20, 2017)(Doc. 644). Petitioner alleges that the Bankruptcy Court for the Middle District of Louisiana improperly approved a fraudulent and faulty

---

[1] Petitioner filed two separate appeals of the Bankruptcy Court's rulings, which were entered under separate docket numbers by the Court Clerk. In the matter styled *Susan M. Raborn v. Martin Schott* 3:18-CV-00904-BAJ-RLB, Petitioner challenges the Bankruptcy Court's approval of certain supplemental distributions made by Respondent as trustee of Petitioner's Bankruptcy estate and the denial of her motion to reconsider the order approving the distributions. In the filing bearing the instant docket number, Petitioner challenges the Bankruptcy Court's approval of Respondent's final report and the denial of her motion to reconsider the order approving the Final Accounting. On December 20, 2018, the court consolidated both matters under the instant Docket Number, and will address both appeals at this time.

1

D. Dickerson
LAMB 15-10938

accounting ("Final Report") filed by Respondent in his capacity as trustee of Petitioner's bankruptcy state. (3:18-CV-00175 Doc. 7 at p. 1.). The Court gleans Petitioner's allegations to be that Respondent failed to object to exemptions of certain property from the bankruptcy proceedings within the 30 days required under Fed. R. Bankr. P. 4003(a)(b), but listed the exempted property in the Final Report anyway. (Id. at p. 9). Petitioner further alleges that Respondent's accounting shows that he collected $405,000.00[2] from Petitioner's estate, but upon realizing that he failed to properly object to Petitioner's exemption of what seems to be the entire settlement amount, Respondent "devalued the price of the settlement" from $405,000.00 to $207,000.00 and claimed that only $198,000.00 was attributable to certain stock dividends from Pedicon, Inc. that Petitioner allegedly exempted. (Id.).

Respondent argues that the Bankruptcy Court entered an order approving the Final Report on May 31, 2018. (3:18-CV-00175 Doc. 9 at ¶ 2). Petitioner filed a motion for reconsideration of that Order, which was denied on June 22, 2018 with written reasons. (Id.). Pursuant to the terms of the Final Report, Respondent distributed all of the funds. (Id. at ¶ 4). One of the creditors was overpaid, and returned the sum of $887.03. (Id.). Petitioner filed a motion for supplemental distribution to distribute the returned money to other creditors, which was granted. ("Supplemental

---

[2] Petitioner filed a motion to approve the settlement agreement on February 13, 2017, asserting that the settlement will bring into the bankruptcy estate the sum of $405,000.00, and would result in the termination of pending litigation in state or federal courts. *Raborn v. Schott* 3:17-CV-00292-BAJ-RLB (Doc. 45). The settlement was approved by the Bankruptcy Court, and Petitioner appealed that approval to this Court, which denied Petitioner's appeal on the basis of lack of standing and mootness. (Id.). Petitioner appealed to the United States Court of Appeals for the Fifth Circuit, where again, Petitioner was denied relief on the grounds of mootness and lack of standing. (Id.).

Distribution")(Id. at ¶ 5). Petitioner moved for reconsideration of the supplemental distribution, and was denied relief on September 20, 2018. Now, petitioner appeals the order approving the Final Accounting and the order denying reconsideration (3:18-CV-00175 Doc. 1). Petitioner also appeals the order approving the Supplemental Distribution made by the Respondent, and the order denying her motion to reconsideration. (3:18-CV-00904 Doc. 1).

## II. ARGUMENTS

Respondent argues that Appellant's appeals in this matter are moot, because the Orders issued by the Bankruptcy Court were not stayed. Respondent also argues that the distribution has been completed and that under the theory of equitable mootness, both appeals should be dismissed. (3:18-CV-00904 Doc. 7, 3:18-CV-00175 Doc. 9).

Respondent further argues that Petitioner does not have standing to appeal either of the the Bankruptcy Court's ruling on the Final Report or the Supplemental Distributions. (Id.). Respondent claims that this is not a surplus case, as granting Petitioner's requested relief would not result in recovery of more than the value of the estate. (Id.). Respondent also asserts that Petitioner is not "a person aggrieved" as Petitioner would not receive any distribution should she be victorious in her appeal, and therefore does not have standing to file this appeal. (Id.). Further, Respondent argues that the funds distributed in the Final Report were generated by a settlement agreement, which ultimately was approved by the Bankruptcy Court. (Id.). Respondent contends that contrary to Petitioner's arguments, the funds listed

3

in the Final Report had nothing to do with Petitioner's exempted Pedicon, Inc. dividends, which were addressed in a secondary agreement between Petitioner and Respondent. (Id.).

Petitioner's arguments are often confusing and difficult to follow, however he court gleans Petitioner's argument to be that the Pedicon, Inc., dividends should not have been included in the Final Report for distributions, as she filed an exception to the use of those dividends, to which Respondent did not respond. Petitioner cites various cases to establish that any exempted funds not addressed by the trustee within a 30-day window cannot be listed in the Final Report. Petitioner did not provide an Appellate Brief for arguments pertaining to the Supplemental Distribution.

## III. STANDARD OF REVIEW

### A. Bankruptcy Appeal

In bankruptcy appeals, district courts review Bankruptcy Court rulings and decisions under the same standards employed by federal courts of appeal. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). Under the "clearly erroneous" standard, this Court will reverse "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Walker v. Cadle Co.*, 51 F.3d 562, 565 (5th Cir. 1995). A bankruptcy court's dismissal for lack of standing is reviewed *de novo*. *Joffroin v. Tufaro*, 606 F.3d 235, 238 (5th Cir. 2010).

Therefore, in addressing Respondent's motion to dismiss Petitioner's appeal, the question the Court must answer is whether Petitioner has pleaded sufficient facts

4

to create the reasonable inference that the Bankruptcy Court's ruling was "clearly erroneous." The Court finds that Petitioner has not met that burden for the reasons set forth below.

IV. **LEGAL ANALYSIS**

As a threshold matter, the arguments raised by Respondent against Petitioner's appeal turn more on the current procedural posture of the case than the substantive nature of Petitioner's arguments. To that end, the Court consolidated these matters, and shall address both arguments on appeal under the same legal framework, simultaneously. To the extent that Petitioner's substantive arguments have any bearing on the Court's ultimate disposition, the Court notes that Petitioner did not submit an appellate brief in the matter originally bearing Docket Number 3:18-CV-00904-BAJ-RLB.

Petitioner did, however, submit a Motion for Leave to File Amended Notice of Appeal, wherein Petitioner sets forth certain arguments relating to the Bankruptcy Court's order allowing the Supplemental Distribution, as well as the Bankruptcy Court's denial of Petitioner's motion for reconsideration. Petitioner argues that the Bankruptcy Court did not have the requisite subject matter jurisdiction to order the Supplemental Distribution, as the supplemental distribution had bearing on the Final Report, which is currently on appeal. (Doc. 3-3). The Court granted Petitioner's Motion for Leave to File Amended Notice of Appeal on December 20, 2018, and it has been entered into the record as Doc. 15.

5

Pursuant to Federal Rule of Appellate Procedure 28, an appeal must be accompanied by an appellate brief, which must follow the guidelines set forth in the Rule. "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995) (footnote omitted). "Thus, this court has considered a *pro se* appellant's brief despite technical noncompliance with procedural rules." *See Id.* (listing cases). "It has also attempted to discern meaning from *pro se* briefs that are 'convoluted at best.'" *Yohey,* 985 F.2d at 225. Therefore, despite the lack of submission of an appellant brief separately setting forth the issues on appeal in the matter previously bearing the Docket Number 3:18-CV-00904-BAJ-RLB, and despite the often convoluted and confusing nature of Petitioner's arguments, in the interest of justice, the Court shall interpret the arguments made in Petitioner's Amended Notice of Appeal as having substantially complied with the requirements of Fed. R. App. P. 28 for an appellant brief.

### A. Petitioner's Appeals are Equitably Moot

Respondent argues that Petitioner's appeals are barred on the theory of equitable mootness. The United States Court of Appeals for the Fifth Circuit set forth three factors that a court must consider when determining if a bankruptcy appeal was equitably moot in the context of a Chapter 11 bankruptcy:

> In assessing these considerations, the court looks to three factors: (1) whether a stay has been obtained to prevent reorganization; (2) whether the reorganization plan has been substantially consummated and (3)

6

> whether the relief requested would affect whether the rights of parties
> not before the court or the success of the plan.

*In re McCray*, 623 F.App'x 84, 185 (5th Cor. 2105) (*quoting In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994). Although the doctrine of equitable mootness typically applies to cases involving Chapter 11 bankruptcies, it has also been applied in the context of Chapter 7 bankruptcies. *See In re San Patricio County Community Action Agency*, 575 F.3d 553, 558 (5th Cir. 2009). It is uncontroverted that no stay of the prior Bankruptcy Court order has been granted so as to "prevent reorganization" or, in this case, to prevent distribution of the bankruptcy estate to Petitioner's creditors. It is also uncontroverted that the "reorganization plan has been substantially consummated," in that the funds have already been distributed to Petitioner's creditors. The only matter left for the Court's consideration is whether the requested relief would affect the rights of parties not before the Court. Petitioner must allege sufficient factual matter to support5 a finding that the Bankruptcy Court was clearly a mistaken. *Walker* 51 F.3d 562, 565. The Court finds that Petitioner has not met this burden.

Petitioner claims that the objectionable portion of Respondent's Final Report included certain funds which she claims were exempted. Respondent counters that those funds were scheduled for disbursement via a separate agreement titled "Ex-Parte Motion to Distribute Pedicon's Dividends" ("Distribution Agreement") (Doc. 9 p. 7). In the Distribution Agreement, Respondent acknowledges that at that time, the $198,450.00 in dividends were withheld from the Pedicon, Inc. stock. (Id.). Respondent also acknowledges that the Pedicon, Inc. dividends were being held

7

because Petitioner had claimed them as exempt property. (Id.). Further, the Distribution Agreement sets forth a stipulated schedule of distributions, disbursing the entirety of the Pedicon, Inc. dividends, and leaving no remainder. (Id. at p. 8). Both Petitioner and Respondent signed the document. (Id.). Subsequently, an order memorializing the Distribution Agreement was issued. (Id. at p. 9).

The Court gleans Petitioner's argument to be that there should have been a certain amount of money remaining after Petitioner's Pedicon, Inc. dividends were used to pay creditors, pursuant to the Distribution Agreement. Petitioner alleges that she exempted approximately $405,000.00 in Pedicon, Inc. dividends, and that Respondent was only authorized to distribute $198,450.00 of it. Petitioner does not attempt to establish, however, where this $405,000.00[3] figure came from, other than to allege that she exempted that amount, and that she is owed the difference between that sum and the value of the Pedicon, Inc. dividends. Further, Petitioner makes ample reference to having filed exceptions to certain property being part of the Final Report prepared by Respondent, but nowhere in the record on appeal does she provide any evidence to support this claim. Finally, the Bankruptcy Court, after having considered the facts presented at that time, including the claim that Petitioner excepted $405,000.00 and is owed reimbursement, ruled against Petitioner. There being no further evidence of Petitioner having exempted $405,000.00, or that the Bankruptcy Court made a clear error in approving the Final Report, and in deference

---

[3] The court notes that this amount was previously determined to be the value of Petitioner's bankruptcy estate.

8

to the Bankruptcy Court's findings of fact, the Court finds that, on this record, Petitioner has not pled sufficient facts to support her appeal.

The Court applies a similar analysis to Petitioner's appeal of the Bankruptcy Court's ruling approving the supplemental distribution of the funds resulting from the overpayment of one of Petitioner's creditors. Insofar as Petitioner alleges that the Bankruptcy Court did not have subject matter jurisdiction to issue an order approving the Supplemental Distribution, the Court finds that Petitioner has provided no evidence outside of base accusations to support that claim. Furthermore, Petitioner fails to explain *why* she believes that the Bankruptcy Court lost jurisdiction over her claims once a portion of the bankruptcy proceedings unrelated to the supplemental distribution was appealed, other than to alleged that it was part of the Final Report, and therefore the Bankruptcy Court was unable to consider it.

Because Petitioner has not pled sufficient facts for the Court to find that the Bankruptcy Court committed clear error when approving Respondent's Final Report or when approving the Supplemental Distribution, the Court finds that the theory of equitable mootness applies. The funds have been fully distributed in accordance with the terms of the Final Report and the court-ordered distributions. Petitioner must establish that the Court, in granting her requested relief, would not negatively impact the rights of persons or entities not party to the instant suit. Petitioner has not met this burden. When considering the equities of granting Petitioner's requested relief, in light of Petitioner's failure to sufficiently plead clear error on the part of the Bankruptcy Court, it would be inherently inequitable to attempt to claw back funds

previously distributed by virtue of two court orders from those to whom they have been lawfully distributed. The Court finds that Petitioner cannot overcome Respondent's equitable mootness challenge.

**B. Petitioner Lacks Standing to Bring this Claim.**

To have standing, a party must establish (1) an injury in fact; (2) that is fairly traceable to the actions of the defendant; and (3) that likely will be redressed by a favorable decision. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). Also, Petitioner must be a "person aggrieved" by the order of the Bankruptcy Court. *In re Coho energy, Inc.*, 395 F.3d 198, 202-03 (5th Cir. 23004). A "person aggrieved" is one "directly and adversely affected pecuniarily by the order of the Bankruptcy Court." *Id.* at 203. Generally, those undergoing Chapter 7 bankruptcy proceedings do not have standing to challenge the settlement of a claim against the estate, however there exists an exception if the debtor can establish that a successful appeal will generate assets in excess of liabilities. *In re Solomon*, 129 F.3d 6078, 1997 WL 680934 at *6 n. 10 (5th Cir. 1997).

Petitioner claims that she has standing here because she was aggrieved by Respondent when the Pedicon, Inc. dividends were improperly included in the Final Report, which the Bankruptcy Court allegedly improperly approved. However, allegations that fly in the face of the factual record cannot be considered plausible for the purpose of defeating a motion to dismiss. Petitioner's allegations that the settlement agreement and the subsequent approval of such agreement by the Bankruptcy Court somehow impacted her Pedicon, Inc. dividends are implausible, as

the Bankruptcy Court explicitly set forth that its orders *do not* impact her Pedicon, Inc. dividends whatsoever. *In re Raborn*, 2017 WL 1417204 at *4.[4] Petitioner has not made the bare minimum allegations to establish that she has standing to bring this claim.

Likewise, Petitioner has not offered any plausible argument that she has standing to appeal the Bankruptcy Court's ruling to approve the Supplemental Distribution. Indeed, the appeal of the order approving the Supplemental Distribution involved factual circumstances similar to those present when the Bankruptcy Court approved the Final Report. Again, the original distribution was approved by the Court as part of the Final Report which sets forth the order for distributions to all of Petitioner's creditors. Petitioner's debts were $528,127.86, and the value of the settlement was $405,000.00. This necessarily means that at some point, certain creditors either will not receive distributions to which they are lawfully entitled, or only receive partial distributions. The Court is bewildered why Petitioner believes that funds received from having overpaid one creditor would return to her own coffers rather than being allocated to other creditors who either did not receive a distribution, or received only a partial distribution. Insofar as Petitioner claims that the funds improperly diminished her Pedicon, Inc. dividends, again, the Court notes that the Bankruptcy Court specifically held that Petitioners Pedicon, Inc. dividends

---

[4] "At the outset of the March 10 hearing, the court approved trustee's reservation of the debtor's claim that escrowed Pedicon dividends are Mrs. Raborn's exempt property. This memorandum opinion therefore *does not address ownership or disposition of the dividends.*" *In re Raborn*, 2017 EL 1417204, at *1 n.6 (emphasis added).

11

are *not* implicated in the Order approving the Final Report. As Petitioner has not submitted any appellate briefing on this matter, the Court finds that she has not provided a cognizable argument that she is a "person aggrieved" and therefore cannot establish standing.

Furthermore, Petitioner has not established that she is entitled to utilize the exception set forth in *In re Solomon,* 129 F.3d 6078, 1997 WL 680934 at *6 n. 10 (5th Cir. 1997), which requires finding that a successful appeal will generate assets in excess of liabilities for the estate. Petitioner's bankruptcy estate faces claims totaling $528,127.86 against it. The Bankruptcy Court found that even with the $405,000.00 settlement, there was not enough money in the estate to pay all claims against it. Petitioner has not made any allegations on either of her appeals that suggest that if she prevailed in this litigation, sufficient assets exceeding the claims against her bankruptcy estate would be generated. For this reason, and for the reasons set forth above, the Petitioner's appeals are DISMISSED.

V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent Martin Schott's **Motions to Dismiss Appeal for Mootness and Lack of Standing (3:18-CV-00675 Doc. 9 and 3:18-CV-00904 Doc. 7) are GRANTED**.

**IT IS FURTHER ORDERED** that **Petitioner's Appeals (3:18-CV-00675 Doc. 1 and 3:18-CV-00904 Doc. 1)** are **DISMISSED**.

**IT IS FURTHER ORDERED** all other pending motions are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this **28th** day of January, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**